**In re Kevin and Doris LEE, Debtors.**

**Bankruptcy No. 94–11757.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 20, 1995.

James T. Marasco, Providence, RI, for debtors.

Anita Blazier, pro se.

Norman E.V. D'Andrea, Providence, RI, for Anita Blazier.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, for Chapter 13 Trustee.

### ORDER OVERRULING OBJECTION TO CLAIM

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on December 1, 1994, on the Debtors' Objection to Claim No. 1 filed by Anita Blazier. On March 2, 1982, Kevin Lee and Blazier were involved in an automobile accident. The Lees were uninsured, and on March 21, 1984, Ms. Blazier filed suit against Kevin Lee in the Rhode Island Sixth Division District Court. On August 30, 1988, a default judgment was entered against Lee in the amount of $5,370.50. On October 7, 1988, an execution issued from the District Court, and was levied upon the Lees' home in Cranston. In February 1990, the Plaintiff's attorney, Norman D'Andrea, Esq., received a telephone call from the Lees inquiring as to the balance due on the execution, because they were refinancing their home and intended to pay the claim. Mr. D'Andrea calculated a

payoff in the amount of $6,308.50, and on February 22, 1990, he received a check in that amount from the Lees' closing attorney. On March 2, 1990, Mr. D'Andrea filed a release of Ms. Blazier's lien in the Cranston land evidence records.

Subsequently, it came to Mr. D'Andrea's attention that the District Court miscalculated, by $4,399, the interest due on the original judgment. He requested a new execution issue in the corrected amount, and on July 13, 1990, the District Court issued an alias execution in the amount requested. Once again, Mr. D'Andrea levied the execution on the Lees' home for the unpaid balance of the debt. On July 20, 1994, the Lees filed a joint Chapter 13 petition.

After four years of silence, the Debtors now argue that when Mr. D'Andrea released the first lien on their home on March 2, 1990, he effectively released *all* of Ms. Blazier's claims against them. The document in question is entitled "Release of Lien on Description of Real Estate." The Debtor's real estate is described in the release which also states, "I hereby release *this lien* for valuable consideration paid by Defendant." Prior to this hearing, the Debtors have not contested or even questioned the validity of the alias execution issued in July 1990.

Based upon the entire record, we conclude that the March 2, 1990 lien release does not constitute a general release of *all* of Blazier's claims against the Debtors. Additionally, no one has cited any authority or reason, nor do we find any, for invalidating the July 1990 alias execution, which appears to have been properly issued and levied upon the Debtors' real estate.

Accordingly, the Debtors' Objection to the Creditor's claim is OVERRULED, and the execution in question constitutes a valid lien on the Debtors' real estate, to the extent of the unpaid balance of Blazier's claim against Kevin Lee.

Enter Judgment consistent with this opinion.